JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MARSHA SCHAD

**DEFENDANTS**

HOMEGOODS, INC., MARMAXX OPERATING CORP. D/B/ A MARSHALLS HOMEGOODS, MARMAXX OPERATING

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
      *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia, PA
      *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
       THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Edward Shensky, Esquire
STARK & STARK, P.C./777 Township Line Road, Suite
120/Yardley, PA 19067/Phone: 267-907-9600

Attorneys *(If Known)*
James F. Lynn, Esquire
KIERNAN TREBACH LLP/1801 Market Street, Suite 770/
Philadelphia PA 19103/215-569-4433

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government | ☐ 3 Federal Question |
| | Plaintiff | (U.S. Government Not a Party) |
| ☐ 2 | U.S. Government | ☒ 4 Diversity |
| | Defendant | (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*      *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place<br>of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place<br>of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a<br>Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - |    of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | ☐ 690 Other |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **INTELLECTUAL** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | | ☐ 835 Patent - Abbreviated | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | |    New Drug Application |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 880 Defend Trade Secrets |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act |    Act of 2016 | ☐ 485 Telephone Consumer |
| ☒ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | |    Protection Act |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal |    Property Damage |    Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | ☐ 862 Black Lung (923) |    Exchange |
| |    Medical Malpractice | |    Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act | | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | |    or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party |    Act/Review or Appeal of |
| |    Employment | **Other:** | ☐ 462 Naturalization Application |    26 USC 7609 |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other | ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original<br>Proceeding | ☒ 2 Removed from<br>State Court | ☐ 3 Remanded from<br>Appellate Court | ☐ 4 Reinstated or<br>Reopened | ☐ 5 Transferred from<br>Another District<br>*(specify)* | ☐ 6 Multidistrict<br>Litigation -<br>Transfer | ☐ 8 Multidistrict<br>Litigation -<br>Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sections 1441 and 1332
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE
Oct 19, 2023

SIGNATURE OF ATTORNEY OF RECORD
*James F. Lynn*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### <u>CASE MANAGEMENT TRACK DESIGNATION FORM</u>

| | | |
|---|---|---|
| MARSHA SCHAD | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| HOMEGOODS, INC., ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)   In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.            ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.            ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)            ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.      (X )

| 10/19/23 | James F. Lynn | Defendants |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-569-4433 | 215-569-4434 | jlynn@kiernantrebach.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02


American LegalNet, Inc.
www.FormsWorkFlow.com

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____9122 Old Newtown Road, Apt. 49, Philadelphia, PA 19115_____

Address of Defendant: _____770 Cochituate Road, Framingham, MA  01701_____

Place of Accident, Incident or Transaction: _____1356 Franklin Mills Circle, Philadelphia, PA 19154_____

---

**RELATED CASE IF ANY:**

Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?   Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☒

4. Is this a case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?   Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ **is not** related to any now pending or within one year previously terminated action in this court except as note above.

DATE: _____10/19/23_____    *[signature] James F. Lynn*    _____53838_____
          Attorney-at-Law *(Must sign above)*          Attorney I.D. # *(if applicable)*

---

Civil (Place a √ in one category only)

**A.  Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. All Other Federal Question Cases. *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury *(Please specify):* _____premises liability_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

- ☐ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

- ☐ Relief other than monetary damages is sought.

DATE: _____    _____    _____
                    Attorney-at-Law *(Sign here if applicable)*    Attorney ID # *(if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

MARSHA SCHAD

                                Plaintiff

        v.                                  No.

HOMEGOODS, INC.,
MARMAXX OPERATING CORP. d/b/a MARSHALLS
HOMEGOODS,
MARMAXX OPERATING CORP.,
HOMEGOODS MANAGEMENT, LLC, and
TJX COMPANIES, INC.,

                                Defendants

## NOTICE OF REMOVAL OF DEFENDANTS, HOMEGOODS, INC., MARMAXX OPERATING CORP. d/b/a MARSHALLS HOMEGOODS, MARMAXX OPERATING CORP, AND THE TJX COMPANIES, INC.

      Defendants, HomeGoods, Inc. Marmaxx Operating Corp d/b/a Marshalls HomeGoods, Marmaxx Operating Corp, and TJX Companies, Inc., by and through their undersigned counsel, Kiernan Trebach LLP, and pursuant to 28 U.S.C. §§ 1441 and 1332, hereby remove to this Court an action pending in the Court of Common Pleas of Philadelphia County, Pennsylvania. The grounds for this Removal are set forth below:

      1.      On or about August 3, 2023, Plaintiff Marsha Schad commenced this civil action by the filing of a Complaint in the Court of Common Pleas of Philadelphia County captioned "*Marsha Schad v. HomeGoods, Inc. Marmaxx Operating Corp d/b/a Marshalls HomeGoods, Marmaxx Operating Corp, Home Goods Management, LLC, and TJX Companies, Inc., at August Term, 2023, No. 00367*. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Complaint is attached hereto and incorporated herein as <u>Exhibit A</u>.

      2.      Plaintiff Marsha Schad avers in the Complaint that she was injured when she fell off a display while seated in an elevated wheeled desk chair. *See* <u>Exhibit A</u>.

      3.      In her Complaint, Plaintiff avers that she resides at 9122 Old Newtown Road, Apt. 49, Philadelphia, PA 19115. *See* <u>Exhibit A</u> at ¶1.

4.       Plaintiff named Removing Defendants, HomeGoods, Inc. Marmaxx Operating Corp d/b/a Marshalls HomeGoods, Marmaxx Operating Corp, Home Goods Management LLC, and TJX Companies, Inc., as Defendants.

5.       At all relevant times, HOMEGOODS, Inc. was and is a Delaware Corporation with a principal place of business at 770 Cochitaute Road in Framingham, Massachusetts.

6.       At all relevant times, The TJX Companies, Inc. was and is a Delaware Corporation with a principal place of business at 770 Cochitaute Road in Framingham, Massachusetts.

7.       At all relevant times, Marmaxx Operating Corp. d/b/a Marshalls HomeGoods and Marmaxx Operating Corp. ("Marmaxx") was and is a Virginia Corporation with a principal place of business at 770 Cochitaute Road in Framingham, Massachusetts.

8.       At all relevant times, Home Goods Management, LLC., was and is a Pennsylvania Corporation with a principal place of business at 860 Hickory Hill Lane, York, Pennsylvania 17402.

9.       Due to the involvement of Home Goods Management, LLC., the initial pleading was not removeable as there was not complete diversity amongst the parties.

10.       Home Goods Management, LLC was dismissed from this action pursuant to a Stipulation to Dismiss filed on October 10, 2023. A true and correct copy of the Stipulation to Dismiss Home Goods Management, LLC is attached hereto and incorporated herein as Exhibit B.

11.       This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, and which may be removed on the petition of the Removing Defendants to this District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

12.       Plaintiff alleges that she sustained serious and permanent injuries, including to her head, neck, body limbs, bones, nerves, cells, tissues, muscles, and functions including but not limited to comminuted fracture to the left distal radius and ulnar styloid process, disc herniations at C2-C3, C3-C4, C4-C5, C5-C6, C6-C7, resulting in radiculopathy bilaterally, disc herniations at L5-S1 resulting in radiculopathy, aggravation of disc herniations at L1-L2, L2-L3, L3-L4, L4-L5, and strain and sprain of the cervical, thoracic, and lumbar spine, aggravation of fibromyalgia, together with a severe shock to her nerves

2

and nervous system, some or all of which plaintiff has been advised are serious and permanent in nature. *See* Exhibit A at ¶12.

13.     As a result, upon information and belief, the amount in controversy in this action exceeds $75,000, exclusive of interests and costs.

14.     Pursuant to 28 U.S.C. §§ 1332(a), and 1441(a), this Court possesses original jurisdiction of this action because the amount in controversy exceeds $75,000 and because this action is between citizens of different states. That is, Plaintiff is now diverse from all of the Removing Defendants.

15.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3) because it was filed less than thirty days from the date the stipulation in which it may first be ascertained that the case is one which is or has become removeable.

16.     No previous Notice of Removal has been filed or made to this court for the relief sought herein.

17.     Pursuant to the holding in Chicago, R.I & P. Ry. Co. v. Martin, 178 U.S. 245 (1900), this Notice of Removal is properly filed because the Defendants served in the state court action have consented to removal *See also* McLaughlin v. Bayer Essure, Inc., No. 14-7315, 2019 U.S. Dist. LEXIS 88213 (E.D. Pa. May 24, 2019).

18.     Accordingly, this lawsuit is properly removable from Pennsylvania State court to the United States District Court, Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1332(a)(1), 1441(a) and 1446(b).

19.     Removing Defendants expressly reserve the right to raise all defenses and objections in this action after it is removed to this Honorable Court.

20.     A true and correct copy of this Notice of Removal is being filed with the Prothonotary of Philadelphia County Court of Common Pleas, as provided by 28 U.S.C. § 1446(d).

21.     Written Notice of the filing of this Notice of Removal will be given to all served parties as required by 28 U.S.C. § 1446(d).

22.     No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved to the Removing Defendants.

**WHEREFORE**, Defendants, HomeGoods, Inc. Marmaxx Operating Corp d/b/a Marshalls HomeGoods, Marmaxx Operating Corp, and TJX Companies, Inc., hereby remove the above-captioned action, which is now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania.

KIERNAN TREBACH LLP

By:_____

JAMES LYNN, ESQUIRE
Attorney for Defendants,
*HomeGoods, Inc. Marmaxx Operating Corp*
*d/b/a Marshalls HomeGoods, Marmaxx*
*Operating Corp, and TJX Companies, Inc*
.

Dated: 10/19/23

4

## <u>CERTIFICATE OF SERVICE</u>

I, James Lynn, Esquire, hereby certify that the foregoing Notice of Removal has been electronically filed with the Court and is available for viewing and downloading from the Electronic Filing System by the following:

**COUNSEL FOR PLAINTIFF**
Edward Shensky, Esquire
STARK & STARK
777 Township Line Rd., Suite 120
Yardley, PA 19067

KIERNAN TREBACH LLP

By:_____
JAMES LYNN, ESQUIRE
Attorney for Defendants,
*HomeGoods, Inc. Marmaxx Operating Corp
d/b/a Marshalls HomeGoods, Marmaxx
Operating Corp, and TJX Companies, Inc*
.

Dated: <u>10/19/23</u>

# Exhibit "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2023**

E-Filing Number: 2308006531

**00367**

| | |
|---|---|
| PLAINTIFF'S NAME<br>MARSHA SCHAD | DEFENDANT'S NAME<br>HOMEGOODS, INC. |
| PLAINTIFF'S ADDRESS<br>9122 OLD NEWTOWN ROAD APT. 49<br>PHILADELPHIA PA 19115 | DEFENDANT'S ADDRESS<br>770 COCHITUATE ROAD<br>FRAMINGHAM MA 01701 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>MARMAXX OPERATING CORP, ALIAS: D/B/A MARSHALLS<br>HOMEGOODS |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>770 COCHITUATE ROAD<br>FRAMINGHAM MA 01701 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>MARMAXX OPERATING CORP |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>770 COCHITUATE ROAD<br>FRAMINGHAM MA 01701 |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>5 | COMMENCEMENT OF ACTION |
|---|---|---|

COMMENCEMENT OF ACTION
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition Action
- [ ] Transfer From Other Jurisdictions
- [ ] Notice of Appeal

| AMOUNT IN CONTROVERSY | COURT PROGRAMS |
|---|---|

AMOUNT IN CONTROVERSY
- [ ] $50,000.00 or less
- [x] More than $50,000.00

COURT PROGRAMS
- [ ] Arbitration
- [x] Jury
- [ ] Non-Jury
- [ ] Other:
- [ ] Mass Tort
- [ ] Savings Action
- [ ] Petition
- [ ] Commerce
- [ ] Minor Court Appeal
- [ ] Statutory Appeals
- [ ] Settlement
- [ ] Minors
- [ ] W/D/Survival

CASE TYPE AND CODE
2S - PREMISES LIABILITY, SLIP/FALL

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

**FILED
PRO PROTHY**

AUG 03 2023

**G. IMPERATO**

IS CASE SUBJECT TO
COORDINATION ORDER?
YES      NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: MARSHA SCHAD

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>EDWARD S. SHENSKY | ADDRESS<br>777 TOWNSHIP LINE RD. STE. 120<br>YARDLEY PA 19067 |
|---|---|
| PHONE NUMBER<br>(267)907-9600 | FAX NUMBER<br>(267)907-9659 | |
| SUPREME COURT IDENTIFICATION NO.<br>27891 | E-MAIL ADDRESS<br>eshensky@stark-stark.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*EDWARD SHENSKY* | DATE SUBMITTED<br>Thursday, August 03, 2023, 01:59 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. HOMEGOODS, INC.
   770 COCHITUATE ROAD
   FRAMINGHAM MA 01701

2. MARMAXX OPERATING CORP
   ALIAS: D/B/A MARSHALLS HOMEGOODS
   770 COCHITUATE ROAD
   FRAMINGHAM MA 01701

3. MARMAXX OPERATING CORP
   770 COCHITUATE ROAD
   FRAMINGHAM MA 01701

4. HOME GOODS MANAGEMENT, LLC
   860 HICKORY HILL LANE
   YORK PA 17402

5. TJX COMPANIES, INC.
   770 COCHITUATE ROAD
   FRAMINGHAM MA 01701

STARK & STARK
A Professional Corporation
BY: EDWARD SHENSKY, ESQUIRE
I.D. NO. 27891
777 Township Line Rd., Suite 120
Yardley, PA  19067
(267) 907-9600
eshensky@stark-stark.com

*Filed and Attested by the Office of Judicial Records 03 AUG 2023 01:39 pm ~ M. IMPERATO*

**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| MARSHA SCHAD | COURT OF COMMON PLEAS |
| Plaintiff | PHILADELPHIA COUNTY, PENNSYLVANIA |
| vs. | CIVIL DIVISION |
| HOMEGOODS, INC | No. |
| and | **AUGUST TERM- 2023** |
| MARMAXX OPERATING CORP D/B/A MARSHALLS HOMEGOODS | **No. 00367** |
| and | |
| MARMAXX OPERATING CORP | |
| and | |
| HOME GOODS MANAGEMENT, LLC | |
| and | |
| TJX COMPANIES, INC | |
| Defendants | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

4872-2288-2421, v. 1

Case ID: 230800367

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

Philadelphia Bar Association
Lawyer Referral
and Information Service
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 230800367

STARK & STARK
A Professional Corporation
BY: EDWARD SHENSKY, ESQUIRE
I.D. NO. 27891
777 Township Line Rd., Suite 120
Yardley, PA  19067
(267) 907-9600
eshensky@stark-stark.com



**ATTORNEY FOR PLAINTIFF**

| | |
|---|---|
| MARSHA SCHAD<br>9122 Old Newtown Road, Apt. 49<br>Philadelphia, PA 19115 | : |
| Plaintiff | : |
| vs. | : |
| HOMEGOODS, INC<br>770 Cochituate Road<br>Framingham, MA 01701 | : |
| and | : |
| MARMAXX OPERATING CORP D/B/A<br>MARSHALLS HOMEGOODS<br>770 Cochituate Road<br>Framingham, MA 01701 | : |
| and | : |
| MARMAXX OPERATING CORP<br>770 Cochituate Road<br>Framingham, MA 01701 | : |
| and | : |
| HOME GOODS MANAGEMENT, LLC<br>860 Hickory Hill Lane<br>York, PA 17402 | : |
| and | : |
| TJX COMPANIES, INC<br>770 Cochituate Road<br>Framingham, MA 01701 | : |
| Defendants | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY,
PENNSYLVANIA
CIVIL DIVISION

No.

AUGUST TERM- 2023

NO - 00367

4868-0357-0036, v. 1

Case ID: 230800367

## PLAINTIFFS' COMPLAINT

1.      Plaintiff, MARSHA SCHAD is an individual residing at 9122 Old Newtown Road, Apt. 49, Philadelphia, PA 19115.

2.      Defendant, HOMEGOODS, INC (hereinafter referred to as "HomeGoods"), is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint.

3.      Defendant, MARMAXX OPERATING CORP D/B/A MARSHALLS HOMEGOODS, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint. MARMAXX OPERATING CORP D/B/A MARSHALLS HOMEGOODS, regularly conducts substantial business activities and derives substantial income through its business activities within Philadelphia County. MARMAXX OPERATING CORP D/B/A MARSHALLS HOMEGOODS, either owns the premises where Plaintiff fell or was the franchisor.

4.      Defendant, MARMAXX OPERATING CORP, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint. MARMAXX OPERATING CORP regularly conducts substantial business activities and derives substantial income through its business activities within Philadelphia County. MARMAXX

Case ID: 230800367

OPERATING CORP either owns the premises where Plaintiff fell or was the franchisor.

5.      Defendant, HOME GOODS MANAGEMENT, LLC, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint. HOME GOODS MANAGEMENT, LLC, regularly conducts substantial business activities and derives substantial income through its business activities within Philadelphia County. HOME GOODS MANAGEMENT, LLC, either owns the premises where Plaintiff fell or was the franchisor.

6.      Defendant, TJX COMPANIES, INC, is a business, company, entity, partnership, franchise, fictitious name, proprietorship or corporation existing and/or qualifying under the laws of the Commonwealth of Pennsylvania, with a registered office for the acceptance of service or a principal place of business at the address listed in the caption of this Complaint. TJX COMPANIES, INC, regularly conducts substantial business activities and derives substantial income through its business activities within Philadelphia County. TJX COMPANIES, INC, either owns the premises where Plaintiff fell or was the franchisor.

7.      At all times material hereto, Defendants did own and/or operate and/or manage and/or control the premises located at or near 1356 Franklin Mills Circle, Philadelphia, Pennsylvania 19154.

8.      At all times material hereto, Defendants, were responsible for the maintenance of the furniture for retail sale located inside the premises located at or near 1356 Franklin Mills Circle, Philadelphia, Pennsylvania 19154.

9.      At all times material hereto, Defendants acted or failed to act by and through their

agents, servants, workmen and/or employees who were then and there acting within the scope of their authority and course of their employment with Defendants, in furtherance of Defendants' businesses and on behalf of Defendants.

10.    On or about August 30, 2021, and for some time prior thereto, Defendants carelessly and negligently allowed a wheeled desk chair located on an elevated platform to be displayed for the customers and accessible to the customers, without its wheels locked at the aforesaid location for an unreasonable period of time.

11.    On or about August 30, 2021, Plaintiff, MARSHA SCHAD, was a business invitee at the aforesaid location.

12.    Said Defendants were responsible for the proper safe display and maintenance of the aforesaid premises and to keep said premises and furniture, including but not limited to desk chairs, safe for business invitees.

13.    On or about August 30, 2021, while a business invitee of Defendants, Plaintiff, MARSHA SCHAD, accessed a desk chair on display, took a seat on a desk chair, and at that time the chair rolled off the platform, causing Plaintiff to fall off and causing Plaintiff the injuries which form the basis for this action.

14.    It is alleged and averred that said dangerous condition created a reasonably foreseeable risk of the kind of injuries which Plaintiff sustained.

15.    It is alleged and averred that the defendants knew or should have known of the existence of said unreasonable dangerous condition.

16.    The aforesaid incident was due solely to the negligence and carelessness of the Defendants, acting as aforesaid, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiff.

## COUNT I
## PLAINTIFF, MARSHA SCHAD v. ALL DEFENDANTS
## NEGLIGENCE

17.     Plaintiff, MARSHA SCHAD, incorporates by reference hereto, all of the allegations contained in paragraphs 1 through 16 as fully as though they were set forth at length herein.

18.     The negligence and carelessness of the Defendants, acting as aforesaid, consisted of the following:

      a) allowing and/or causing a dangerous and defective condition to exist at the aforesaid location, of which Defendants knew or should have known by the exercise of reasonable care;

      b) failing to give warning or notice of the defective condition;

      c) failing to inspect the furniture at reasonable intervals to determine the condition thereof;

      d) placing and allowing a wheeled chair to remain with wheels unlocked on a platform where patrons can sit and fall; and

      e) failing to place caution signs or other warning devices to warn plaintiff of potential falling hazards.

19.     As a result of this incident, Plaintiff, MARSHA SCHAD, suffered injuries which are serious and permanent in nature, including: to her head, neck, body limbs, bones, nerves, cells, tissues, muscles, and functions including but not limited to comminuted fracture to the left distal radius and ulnar styloid process, disc herniations at C2-C3, C3-C4, C4-C5, C5-C6, C6-C7, resulting in radiculopathy bilaterally, disc herniation at L5-S1 resulting in radiculopathy, aggravation of disc herniations at L1-L2, L2-L3, L3-L4, L4-L5,  and strain and sprain of the cervical, thoracic, and lumbar spine, aggravation of fibromyalgia, together with a severe shock to her nerves and nervous system, some or all of which plaintiff has been advised are serious and permanent in nature.

20.     As a result of the incident, plaintiff has undergone great physical pain and mental anguish and she may continue to endure the same for an indefinite time in the future, to her great detriment and loss.

21.     As a result of the incident, the plaintiff has been compelled to expend large sums of money for medicine and medical care and attention in an effort to effect a cure of her injuries, and she may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.

22.     As a result of the incident, the plaintiff has been unable to attend to her usual and daily duties and occupation, and she may be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

23.     As a further result of the incident, plaintiff has suffered a loss and depreciation of her earnings and earning capacity and power and she may continue to suffer same for an indefinite time in the future to her great detriment and loss.

**WHEREFORE,** Plaintiff, MARSHA SCHAD, claims damages, from the defendants, jointly and/or severally, in an amount in excess of the arbitrational limits of $50,000.00 plus interest and costs.

**STARK & STARK**
**A Professional Corporation**

By: _____

**EDWARD S. SHENSKY**
Attorneys for Plaintiffs

Case ID: 230800367



## VERIFICATION

The undersigned hereby verifies that she is the named Plaintiff in the foregoing action, that the facts set forth in Plaintiff's Complaint are true and correct to the best of her knowledge, information, and belief, and further states that false statements herein are made subject to the penalties of 18 Pa.CS.A. § 4904 relating to unsworn falsification to authorities.

Date: _8/2/23_      Signature: _Marsha Schad_

                               MARSHA SCHAD

4858-9274-7124, v. 1

Case ID: 230800367

# Exhibit "B"

*Filed and Attested by the
Office of Judicial Records
10 OCT 2023 11:53 am
S. HADRIN*

MARSHA SCHAD                                    :

    Plaintiff,                                 :   PHILADELPHIA COUNTY
                                               :   COURT OF COMMON PLEAS
                                               :
                                               :
                                               :
    vs.                                        :   August Term, 2023
                                               :   No. 00367
HOMEGOODS, INC.,                               :
MARMAXX OPERATING CORP. d/b/a                  :
MARSHALLS HOMEGOODS,                           :
MARMAXX OPERATING CORP.,                       :
HOMEGOODS MANAGEMENT, LLC, and                 :
TJX COMPANIES, INC.,                           :
                                               :
    Defendants.                                :

## <u>STIPULATION TO DISMISS DEFENDANT HOME GOODS MANAGEMENT, LLC</u>

It is hereby STIPULATED and AGREED, by and between all parties, by and through

their undersigned counsel, that all claims against Defendant Home Good Management, LLC,

only, are hereby DISMISSED, without prejudice.

It is further STIPULATED and AGREED that this Stipulation may be executed in

counterparts.

James F. Lynn, Esquire                         Edward Shensky, Esquire
Amanda L. Boardman, Esquire                    Attorney for Plaintiff,
Attorneys for Defendants,                      Masha Schad
HomeGoods, Inc., Marmaxx Operating Corp.
d/b/a Marshalls HomeGoods, Marmaxx
Operating Corp., TJX Companies

1

Case ID: 230800367

eSigned by:

*Isaac Spearman*

10/09/2023 @ 13:58 UTC

Isaac Spearman
Representative for Defendant,
Home Goods Management, LLC

**BY THE COURT:**

_____
J.

4874-6182-7973, v. 1

Case ID: 230800367

# Signature Certificate

Document completed by all parties on 10/09/2023 @ 09:56 EDT

Document ID: 652064e5610dd600208e8318

## Sender information

Sent On:     10/06/2023 @ 15:49 EDT
Timezone:    Eastern Daylight Time
Sender:      Amanda Boardman aboardman@kiernantrebach.com
Sender IP:   76.99.80.122

| Signer | Signature |
|---|---|



**Isaac Spearman**
idspearman8@gmail.com

Received:   10/06/2023 @ 19:49 UTC
Viewed:     10/09/2023 @ 13:56 UTC
Signed:     10/09/2023 @ 13:56 UTC

*Isaac Spearman*

IP: 107.77.202.31
Location: null, United States

Page 3 of 3

**eSign**



Case ID: 230800367